[Crim. No. 612.　First Appellate District.—April 24, 1916.]

## THE PEOPLE, Respondent, v. NORMAN H. MATSON, Appellant.

Cʀɪᴍɪɴᴀʟ Lᴀᴡ—Lɪʙᴇʟ—Coɴꜰʟɪᴄᴛɪɴɢ Eᴠɪᴅᴇɴᴄᴇ—Vᴇʀᴅɪᴄᴛ Coɴᴄʟᴜsɪᴠᴇ.— In a prosecution for libel, where there is a substantial conflict in the evidence upon the matters constituting the libel, the verdict of the jury will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order denying motion in arrest of judgment and motion for a new trial. R. H. Latimer, Judge.

The facts are stated in the opinion of the court.

Nathan C. Coghlan, and Edwin V. McKenzie, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—Appeal from judgment of conviction of libel, and from orders denying motion in arrest of judgment and motion for a new trial.

The libel for which the defendant in this case was convicted consisted practically of three separate statements contained in an article published in a newspaper, the first of which charged specifically and positively that one James P. Arnold, the prosecuting witness—and who was the chief of police of the city of Richmond—had been receiving ten dollars per week from one Jean Martin, a prostitute; the second was to the effect that Jean Martin had said that she had paid ten dollars a week to Arnold for police protection; and the third was that said Arnold had attempted to sell to Jean Martin

for the sum of ten thousand dollars a lot in the city of Richmond which was of the value of seven hundred dollars only, and also that he had been in the habit of visiting gambling houses.

We are satisfied that there is a substantial conflict in the evidence concerning what Jean Martin may have said in regard to the payment of ten dollars a week to Arnold; and we are also satisfied that there is evidence in the record sustaining the finding of the jury implied from their verdict that Jean Martin did not pay ten dollars a week to Arnold. True, that finding is based on the testimony of Arnold and of Jean Martin; but it is testimony standing in the record which the jury was entitled to believe if they saw fit under the instructions of the court; and if they believed it it is sufficient to support the verdict.

The conflict in the evidence on the other phase of the case practically takes the matter out of the hands of this court, because in the presence of such conflict we will not interfere with the conclusion reached by the jury.

With reference to the alleged misconduct of the district attorney, while the district attorney should not have made the argument as contained in the record, nevertheless we are not satisfied that it was of such a grievous character as to influence the verdict, or that it contributed in any material degree thereto.

No error appearing in the record, the judgment and order appealed from are affirmed.